CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.

---

[No. 4646.]

DE ST. AUBIN v. TURLEY.

**Appellate Practice—Findings—Evidence.**

The findings and judgment of the trial court upon conflicting evidence will not be disturbed by the appellate court where there is evidence to support the findings and judgment and where they are not manifestly against the weight of the evidence.

*Error to the District Court of Teller County: Hon. William P. Seeds, Judge.*

Messrs. THOMAS & THOMAS, for plaintiff in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Briefly stated, the complaint alleged that February 26, 1896, A. U. Magnan was indebted to plaintiff in error, St. Aubin, in the sum of $3,744.67, and to secure said indebtedness conveyed to St. Aubin interests in certain mining properties at Cripple Creek, who executed and delivered to Magnan this written instrument:

"2-29-96.   Received of A. U. Magnan, a mining deed of 1-8th interest of the Mountain Boy lode, survey No. 8387, deeded to Ernest De St. Aubin. Said deed is given to secure the payment of certain notes for the principal sum of $3,744.67 due said St. Aubin. As soon as the above notes are paid with interest in full said above property to be deeded back to said A. U. Magnan.        "Ernest De St. Aubin."

That previous to December 30, 1899, the principal sum of the notes and interest mentioned in the writing was paid, satisfied and the notes surrendered and delivered to Magnan, who on that date sold and conveyed to defendant in error, Turley, the mining property mentioned in the above instrument; that previous to the commencement of suit demand was made upon St. Aubin for a release of the mortgage created by said deed and written instrument, which demand was refused.

The answer admitted all the allegations of the complaint except that the indebtedness had been paid and that the property had been conveyed to defendant in error.

An affirmative defense was pleaded to the effect that in July, 1898, Magnan being unable to pay the indebtedness to St. Aubin, it was agreed between St. Aubin and Magnan that the notes representing the indebtedness should be surrendered to Magnan and the written instrument should be surrendered to St. Aubin, who should own the mining property con-

veyed to him.  A reply put in issue the affirmative allegations of the answer.

The trial judge found the issues joined in favor of plaintiff and rendered judgment thereon according to the prayer of the complaint.

No specific findings of fact were made.

St. Aubin and Magnan testified at the trial in flat contradiction of each other upon every material point testified to.  There was other evidence in support of both parties to the transaction.

It would serve no useful purpose to state and discuss the evidence adduced at the trial.  There was evidence in support of the findings and judgment, and the same were not manifestly against the weight of the evidence.

Under the well settled rule of this court we can not disturb the judgment.  It will be affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Gunter concur.